IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-3603-WJM-NYW

CONNER MASCIOTRA,

    Plaintiff,

v.

VERTAFORE, INC.,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER PURSUANT TO THE FIRST-FILED RULE AND 28 U.S.C. § 1404(a)**

---

Before the Court is Defendant Vertafore, Inc.'s Motion to Transfer Pursuant to the First-Filed Rule and 28 U.S.C. § 1404(a) ("Motion"). (ECF No. 20.) For the following reasons, the Motion is granted.

## I. BACKGROUND[1]

Defendant, an insurance software provider, provides software to thousands of agencies, carriers, and insurance professionals, and in that capacity, collects sensitive and confidential personal information. (¶¶ 2, 10.) According to the allegations of Plaintiff Conner Masciotra's FACAC, Defendant "knowingly designed and configured servers and systems to be publicly accessible without even the most basic security protections (*e.g.*, password protection or encryption), making highly sensitive personal information stored on those servers and systems available to anyone on the internet

---

[1] Citations to (¶ __), without more, are references to the First Amended Class Action Complaint ("FACAC"). (ECF No. 14.)

without authorization." (¶ 3.) Allegedly, "Vertafore knowingly disclosed approximately 27.7 million Texas drivers' personal information . . . to unauthorized third parties when it placed that information on publicly accessible, unprotected servers." (¶ 4.) On November 10, 2020, "Vertafore admitted on November 10, 2020, that unauthorized third parties had accessed this unsecured personal information disclosed on their servers between March 11, 2020 until August 1, 2020." (¶ 5.)

On December 4, 2020, three Texas driver's license holders sued Defendant in a putative class action in the United States District Court for the Southern District of Texas, *Allen, et al. v. Vertafore, Inc.*, Case No. 4:20-cv-4139 (the "*Allen* Class Action"). The *Allen* Class Action alleges that Defendant violated the Driver's Privacy Protection Act ("DPPA") 18 U.S.C. § 2721, *et seq.*, as it "knowingly disclosed the Driver's License Information of Plaintiffs and approximately 27.7 million other Class members by storing that information on unsecured external servers." (ECF No. 20-1, *Allen* Compl. ¶ 31). The *Allen* Class Action defines potential class members as "[a]ll persons whose Texas driver's license information was stored by Vertafore on an unsecured external storage service online and accessed without authorization." (*Id.* at ¶ 18.)

Four days after the *Allen* Class Action was filed, on December 8, 2020, Plaintiff, who is a Texas resident, filed a putative class action in this District Court against Defendant based on the same data breach. (ECF No. 1.) The same day, Plaintiff filed a Notice of Related Case identifying the *Allen* Class Action as a related case. (ECF No. 2.) On December 30, 2020, Plaintiff filed the FACAC, bringing a putative class action on behalf of the following Nationwide Class of individuals (the "Class"):

> All individuals in the United States whose personal information was disclosed in the Vertafore data breach

announced on November 10, 2020.
(¶ 50.)  He brings one claim for violation of the DPPA.  (¶¶ 59–69.)

On January 12, 2021, Defendant filed the Motion, arguing that the Court should transfer this case to the Southern District of Texas under the first-to-file rule and § 1404(a).  (ECF No. 20.)  Plaintiff opposes the Motion, contending that the Southern District of Texas lacks jurisdiction over Defendant, and that the first-to-file rule and factors of § 1404(a) weigh against transfer.  (ECF No. 29.)  Defendant filed a reply.  (ECF No. 31.)  On February 3, 2021, United States Magistrate Judge Nina Y. Wang stayed this case pending resolution of the Motion.  (ECF No. 30.)

## II. LEGAL STANDARD

The first-to-file rule recognizes that federal courts, "'as courts of coordinate jurisdiction and equal rank'" must "'be careful to avoid interfering with each other's affairs in order to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'"  *Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Ga.*, 189 F.3d 477, 1999 WL 682883, at *3 (10th Cir. 1999) (quoting *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997)).  The rule "permits a district court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another district."  *Id.* (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)).  "Although the preference is for the first-filed court to decide on the application of the first-to-file rule, a second-filed court may exercise its discretion and consider the application of the first-to-file rule in the first instance."  *Chieftain Royalty Co. v. XTO Energy, Inc.*, 2011 WL 1533073, at *1 (E.D. Okla. Apr. 22,

3

2011) (citing *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1296–97 (D. Kan. 2010)).

The rule has been applied in the class-action context where a putative class is a subset of the class in the first-filed action or there is substantial overlap between the classes. *See id.* at *2. And the rule has been applied where, as here, the class definitions of the cases differ, but the subject matter of the litigation is substantially the same.[2] *See Thompson v. Global Mktg. Research Servs., Inc.*, 2016 WL 233702, at *3 (E.D. Penn. Jan. 20, 2016) (applying first-to-file rule to transfer class action lawsuit brought on behalf of Pennsylvania residents for alleged violations of TCPA to federal court where another class action excluding Pennsylvania residents was pending against the same defendant for the same violations).

When determining whether to apply the first-to-file rule, courts examine the following factors: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. *Brannon v. Express Scripts Holding Co.*, 2018 WL 263237, at *3 (D. Kan. Jan. 2, 2018).

### III. ANALYSIS

As an initial matter, Plaintiff argues that the Court may not transfer this action under the first-to-file rule because Defendant is not subject to personal jurisdiction in the Southern District of Texas. (ECF No. 29 at 5.) However, in its reply, Defendant states that it does not dispute the Southern District of Texas's personal jurisdiction over it in the *Allen* Class Action. (ECF No. 31 at 1–2.) Relying on Defendant's good faith

---

[2] As is apparent from a comparison of the class definitions in this case and the *Allen* Class Action (described above), the differences between the putative class definitions are negligible.

4

representation, the Court accepts that personal jurisdiction is not an issue and will analyze the merits of the Motion.

**A.    First-to-file Rule**

    1.    <u>Chronology</u>

"[D]etermining the chronology of events typically requires only a comparison of the two filing dates." *Wakaya Perfection v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018). Plaintiff does not dispute that the *Allen* Class Action was filed first. The Court finds that the Texas lawsuit was filed first and that this factor weighs in favor of transfer. (*Compare* ECF No. 1 (*Masciotra* complaint filed December 8, 2020); *with* Case No. 4:20-cv-4139, Docket No. 1 (*Allen* complaint filed December 4, 2020)).

To the extent Plaintiff contests transfer based on the fact that the two actions were filed a mere four days apart, his argument is unavailing. As Defendant points out (ECF No. 31 at 4 n.4), the undersigned has applied the first-to-file rule to cases filed on the same day. *See Rocky Mountain Chocolate Factory, Inc. v. DJRJ, LLC*, 2016 WL 1377160, at *3 (D. Colo. Apr. 7, 2016) (noting the first-to-file rule is motivated by the wastefulness of time, energy and money created by simultaneous prosecution in two different courts of cases relating to the same parties and issues). In this case, where the actions are essentially identical and the remaining considerations militate in favor of transfer, the Court will defer to the first-to-file court.

    2.    <u>Similarity of Parties</u>

The Court finds that the second factor weighs heavily in favor of transfer. The parties in this action and the *Allen* Class Action are virtually identical. In both cases, the plaintiff seeks to represent the same putative class of 27.7 million individuals whose Texas driver's information was allegedly stored on an unsecured external storage

5

service and disclosed by Defendant. Additionally, both cases name Vertafore as the only defendant. Importantly, it appears as though Plaintiff would be included in the putative class in the *Allen* Class Action.

### 3. Similarity of Issues

There is no question as to the similarity of the issues. Both cases arise from the same alleged data breach on November 10, 2020, in which approximately 27.7 million Texans' driver's information was disclosed by Defendant because it was stored on an unsecured system. Indeed, both cases also assert claims under the DPPA. Therefore, the third factor also weighs heavily in favor of transfer.

**B.     28 U.S.C. § 1404(a)**

Section 1404(a) provides in pertinent part that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced.

In applying § 1404(a), the Tenth Circuit has prescribed a number of factors for the district court to weigh.[3] *See Chrysler Credit Corp.*, 928 F.2d at 1516. "However, the

---

[3] "Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine

*Chrysler Credit Corp.* factors have little applicability in a case where transfer is under the first-to-file rule." *Dumanian v. Schwartz*, 2021 WL 1210033, at *5 (D. Colo. Mar. 31, 2021) (transferring case under first-to-file rule and observing that the court need not consider the § 1404(a) factors where transfer is under the first-to-file rule); *Hubbard v. Argent Mortg. Co., LLC*, 2016 WL 4537869, at *4 (D. Colo. Aug. 31, 2016) (same).

The Court notes that Plaintiff's remaining arguments against transfer arise under § 1404(a). (ECF No. 29 at 12–14 (arguments include Plaintiff's choice of forum, Defendant is "at home" in Colorado, relevant witnesses and evidence are in Colorado, and it is more cost-efficient to litigate in Colorado.) But given that courts have found that the § 1404(a) factors have "little applicability" in a case such as this, where the Court has determined transfer is appropriate under the first-to-file rule, the Court need not address these arguments.

However, because Plaintiff's choice of forum often receives considerable deference, the Court will briefly address it separately. Plaintiff is a Texas citizen. (¶ 9.) When the plaintiff does not reside in the chosen forum, as is the case here, "the rationale for allowing the plaintiff to dictate the forum evaporates." *Spires v. Hosp. Corp. of Am.*, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006); *see also* Wright and Miller, 15 Fed. Prac. & Proc. Juris. § 3848 (4th ed.) (observing that many courts give substantially less, if any, deference to the plaintiff's choice of forum when the plaintiff resides elsewhere). Although the Court will not explicitly analyze Plaintiff's remaining arguments in this Order, the Court has carefully considered them and finds transfer to

---

questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (alteration in original).

the Southern District of Texas is nonetheless appropriate.

Because venue is proper in the Southern District of Texas, and the first-to-file rule warrants deference to that court, the Court will transfer this case to the Southern District of Texas. *See Dumanian*, 2021 WL 1210033, at *5 (transferring as opposed to staying case); *Hubbard*, 2016 WL 4537869, at *6 (finding that the goals of judicial economy and consistency were better advanced by transferring, instead of staying the case).

### IV. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. Defendant Vertafore, Inc.'s Motion to Transfer Pursuant to the First-Filed Rule and 28 U.S.C. § 1404(a) (ECF No. 20) is GRANTED;

2. The stay of proceedings (ECF No. 30) is LIFTED;

3. The Clerk of Court shall transfer this case to the United States District Court for the Southern District of Texas; and

4. The Clerk of Court shall terminate this action.

Dated this 30th day of April, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge